# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**TIMOTHY SHAWN GOOSTREE**                                                       **PLAINTIFF**

v.                                                                        **CIVIL ACTION NO. 1:21-CV-P59-GNS**

**COUNTY OF SIMPSON** *et al.*                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but allow him the opportunity to amend the complaint.

### I.

Plaintiff indicates that he is incarcerated as both a convicted prisoner and a pretrial detainee at the Simpson County Detention Center (SCDC). He names the following as Defendants in this action – Simpson County, SCDC Jailer Eric Vaughn, and SCDC Deputy Jailer Justin Hutton. Plaintiff sues Defendants Vaughn and Hutton in their official capacities only.

Plaintiff alleges that on March 21, 2021, Defendant Hutton allowed an inmate with "scitsofrania and a history of violence and mentally unstable behavior," who was housed separately from other inmates for these reasons, "to be in the same open space" as the other inmates. Plaintiff alleges that despite "knowing fully" that he should not open this inmate's cell until the other inmates were locked down, Defendant Hutton did just that. Plaintiff alleges that this inmate then assaulted him. Plaintiff specifically alleges that the inmate "hit me from behind . . . and he continued assaulting me humiliating me and embarrassing me also injuring me." Plaintiff concludes by stating that Defendant Hutton "intentionally broke protocol out of []

laziness instead of waiting to do it the correct way directly causing my injuries and emotional embarrassment."

As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes the complaint as asserting either an Eighth Amendment or Fourteenth Amendment claim for deliberate indifference to Plaintiff's safety, depending on whether Plaintiff is actually being housed at SCDC as a convicted prisoner or a pretrial detainee.[1]

As indicated above, Plaintiff sues Simpson County and Defendants Vaughn and Hutton in their official capacities only. Plaintiff's official-capacity claims against Defendants Vaughn and Hutton are actually redundant to Plaintiff's claim against Simpson County since Simpson County is their employer. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

When a § 1983 claim is made against a municipality, such as Simpson County, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the

---

[1] While the Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, the Due Process Clause of the Fourteenth Amendment provides the same protections for pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)).

constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by Simpson County. Rather, his allegations pertain to an isolated incident affecting only him. As such, the Court will dismiss Plaintiff's claims against Simpson County and his official-capacity claims against Defendants Vaughn and Hutton for failure to state a claim upon which relief may be granted.

However, before dismissing this action for failure to state a claim upon which relief may be granted, the Court will allow Plaintiff the opportunity to amend his complaint to sue Defendant Hutton in his individual capacity. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). If Plaintiff so amends his complaint, the Court will allow a constitutional claim to proceed against Defendant Hutton for deliberate indifference to Plaintiff's safety.

## IV.

For the foregoing reasons, **IT IS ORDERED that Plaintiff's claims against Simpson County and his official-capacity claims against Defendants Vaughn and Hutton are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, **Plaintiff may file an amended complaint in which he sues Defendant Hutton in his**

**individual capacity**.  The **Clerk of Court** is **DIRECTED** to send Plaintiff the second page of his complaint (DN 1) with the words "Amended Complaint" and this case number written in the margin.

If Plaintiff fails to file an amended complaint within the time allotted, this action will be dismissed for the reasons stated herein.

Date: September 13, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Simpson County Attorney
4414.011